**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 02-7733

ALFREDO CASTILLO REYES,

Plaintiff - Appellant,

versus

U.S. IMMIGRATION & NATURALIZATION SERVICE;
CYNTHIA CROSS; RICHARD M. HUDSON; D. SCOTT
DODRILL, Warden,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Malcolm J. Howard,
District Judge.  (CA-01-971-5-HO)

Submitted:  May 9, 2005                Decided:  July 18, 2005

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Steven H. Goldblatt, Director, Cary Berkeley Kaye, Supervising
Attorney, Angelique Culver, Katherine Leong, Student Counsel,
Appellate Litigation Program, GEORGETOWN UNIVERSITY LAW CENTER,
Washington, D.C., for Appellant.  Frank D. Whitney, United States
Attorney, Anne M. Hayes, R. A. Renfer, Jr., Assistant United States
Attorneys, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Alfredo Castillo Reyes, a native and citizen of Cuba, appeals the district court's denial of relief on his 28 U.S.C. § 2241 (2000) habeas corpus proceeding challenging his detention pursuant to a detainer lodged by the former Immigration and Nationalization Service (INS). Reyes claimed in the district court that the detainer was improperly filed and enforced, and that his continued detention pursuant to the detainer was unlawful because there was no likelihood that he would be deported to Cuba in the reasonably foreseeable future.

On appeal, we appointed counsel to represent Reyes to address the issue of whether the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001),* applies to inadmissible aliens. After briefs were filed, the Supreme Court granted certiorari in a case challenging the indefinite detention of an inadmissible alien. Benitez v. Wallis, 540 U.S. 1147 (2004). We granted the parties' motion to hold Reyes's case in abeyance pending the Supreme Court's decision in Benitez. That decision came in Clark v. Martinez, 125 S. Ct. 716 (2005), in which the Court held that the Zadvydas Court's construction of 8 U.S.C.

---

*The Supreme Court held in Zadvydas that, absent special circumstances, resident aliens who demonstrate that they are unlikely to be removed in the reasonably foreseeable future because no country will accept them cannot be indefinitely detained. The Court construed 8 U.S.C. § 1231(a)(6) (2000), authorizing detention beyond the ninety-day removal period, to limit such detention to a period reasonably necessary to effect removal.

- 2 -

§ 1231(a)(6) (2000) regarding admitted aliens removable under 8 U.S.C.A. § 1227(a)(1)(C), (2), (4) (West 1999 & Supp. 2005), applies to nonadmitted aliens as well.  125 S. Ct. 716, 722.

Since the opinion was issued in Clark, Reyes has been released on parole.  The Government therefore moves to dismiss the appeal as moot.  Counsel for Reyes moves to withdraw, conceding that the issue he was directed by the Court to address has been resolved and is now moot.  However, counsel notes that Reyes wishes to proceed pro se with other issues.

The Constitution limits the jurisdiction of federal courts to actual cases or controversies.  U.S. Const. art. III, § 2; Honig v. Doe, 484 U.S. 305, 317 (1988).  The controversy must be present at all stages of review.  Arizonans for Official English v. Arizona, 520 U.S. 43, 66 (1997).  When a case becomes moot after judgment in the district court, the appellate court has no jurisdiction to hear the appeal.  Mellen v. Bunting, 327 F.3d 355, 363-64 (4th Cir. 2003).  Here, Reyes's claim that, as an inadmissible alien, he should not be subjected to indefinite detention, has been resolved by the Supreme Court's Clark decision.  Reyes's parole pursuant to Clark renders this issue moot, mooting as well Reyes's motion for summary reversal.  Further, because we appointed counsel solely to address this issue, we will grant counsel's motion to withdraw.

- 3 -

Reyes seeks to proceed pro se with other issues raised in the district court. Having reviewed these issues, we find them to lack merit. We therefore affirm the judgment of the district court.

We grant Appellees' motion to dismiss the <u>Clark</u> issue as moot, deny Reyes's motion for summary reversal as moot, grant Reyes's appointed counsel's motion to withdraw, and deny Reyes's pro se motion for release as moot. As to the other pro se motions currently pending, we grant Reyes's motion to file a pro se supplemental brief and deny all others, including the motion to comply, motion for trial, motion for fair justice, motion for release, motion for summary disposition, and motion for general relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u><br><u>AFFIRMED IN PART</u>